IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02306-CNS

DENIS ALONSO SOZA-ROMERO,

     Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

     Respondent.

---

**ORDER**

---

Before the Court is Petitioner Denis Alonso Soza-Romero's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, [1] to which Respondent filed responses, ECF Nos. 13, 15. Because the briefing demonstrates that Petitioner's challenge to Respondent's authority under 28 U.S.C. § 1225(b)(2) is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243.

As outlined below, the Court GRANTS the application and ORDERS Respondent to immediately release Petitioner from immigration detention within 24 hours of this Order. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 2, 13, 15.

---

[1] As Petitioner proceeds *pro se*, the Court construes his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not act as his advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

1

## I.     SUMMARY FOR PRO SE PETITIONER

You filed an application for habeas corpus requesting that the Court order your immediate release from immigration detention or, in the alternative, order that you receive a bond hearing before an immigration judge. As explained in further detail below, the Court agrees that you should not be held in mandatory detention pursuant to § 1225(b)(2).

Additionally, because immigration officials previously determined that you were not a flight risk or a danger to the community when they released you on parole in 2022, and because the government does not now argue that those circumstances have changed, the Court orders your immediate release from immigration detention within the next 24 hours of this order. In connection with your release, the government may re-impose any conditions of your parole (including but not limited to the requirement that you check in with immigration officials at specific times) that were in place prior to your detention.

## II.     LEGAL STANDARD

District courts may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.     BACKGROUND

The factual background of this case is like many others recently considered by the Court. Petitioner, a citizen of Nicaragua, entered the United States in or around June

2022. ECF No. 13-1 (Decl. of Austin Allbritton) ¶¶ 3–4.[2] After entering the country, Petitioner was detained by U.S. Customs and Border Protection (CBP) and determined to be inadmissible to the United States. *Id.* ¶ 6. Petitioner was then released from detention, paroled into the United States, and enrolled in Immigration Customs and Enforcement's (ICE) Alternatives to Detention Program (ATD). *Id.*; *see also* ECF No. 1-3 at 3–8. In response to the Court's order, ECF No. 14, Respondent confirms that Petitioner's parole was effectuated pursuant to 8 U.S.C. § 1182(d)(5), which permits the temporary parole of noncitizens into the United States "for urgent humanitarian reasons." ECF No. 15 at 2; *see also* ECF No. 1-3 at 3–8 (Petitioner's parole paperwork from the Department of Homeland Security).

Petitioner represents that since being paroled, he has established a "stable life in Wyoming" and "complied with every condition imposed [] by immigration authorities," including "attend[ing] immigration appointments [and] biometrics appointments," and meeting the "reporting requirements connected to [his] immigration proceedings." ECF No. 1-1 (Decl. of Petitioner) ¶¶ 6–10. Petitioner states that he has consistently "maintained communication with immigration authorities and remained available to DHS at all times" and "never attempted to flee, hide, or evade immigration supervision." *Id.* ¶¶ 9–10. Petitioner further states that he has "no criminal history whatsoever" and has "never been convicted of any violent offense or any crime that would make [him] dangerous to society." *Id.* ¶¶ 14, 15.

---

[2] In connection with its response, Respondent attached a declaration from Austin Allbritton, the Deportation Officer assigned to Petitioner's case. *See* ECF No. 13-1 ¶ 1.

Nevertheless, in February 2026 while traveling to work, Petitioner was followed, stopped, and arrested by ICE officers, resulting in his current detainment. *Id.* ¶ 17; ECF No. 13-1 ¶ 8. Petitioner states that while in detention, he requested but was denied a bond hearing before an immigration judge (IJ) because the IJ lacked jurisdiction to consider his request. *Id.* ¶¶ 31–34. Notably, the responses submitted by Respondent do not dispute the facts recited above. *See* ECF Nos. 13, 15.

Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado pursuant to 8 U.S.C. § 1225(b). ECF No. 13-1 ¶¶ 11, 12.

## IV.    ANALYSIS

The legal question before the Court is not novel. As framed by Respondent, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." ECF No. 13 at 1. Indeed, Petitioner challenges his detention under 28 U.S.C. § 2241, *id.* ¶ 12, and requests that the Court order his immediate release from custody or, alternatively, order an immediate individualized custody hearing. ECF No. 1-1 ¶ 40.

In response, Respondent argues that Petitioner's requested relief should be denied because he is properly detained under § 1225(b)(2)(A) as an "applicant for admission" to the United States. ECF No. 13 at 2–3. The arguments raised here echo nearly identical arguments rejected by courts across the country and in this judicial

4

district, including this Court, on numerous occasions.[3] Even Respondent recognizes as much, as the response concedes that Petitioner's case "is not materially different from an issue this Court has resolved in a prior ruling in another case." ECF No. 13 at 2 (citing *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025). Respondent further acknowledges that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 3.

Respondent is correct that these now familiar arguments, presented once again in brief here, have not convinced the Court to deviate from its prior determination that § 1225(b)(2)(A)'s mandatory detention requirement does not apply to noncitizens like

---

[3] *Compare* ECF Nos. 1, 2, 9 *and e.g.*, *Alonso v. Baltasar*, No. 1:26-cv-01365-CNS, 2026 WL 1194783 (D. Colo. May 1, 2026); *Singh v. Baltazar,* 819 F.Supp.3d 1247 (D. Colo. 2026); *Arenas v. Noem*, No. 1:26-cv-00024-SBP, 2026 WL 317562 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Concha-Gonzales v. Noem*, No. 1:26-cv-00001-CNS, 2026 WL 194178 (D. Colo. Jan. 26, 2026); *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470, at *1 (D. Colo. Jan. 13, 2026); *Rico v. Baltazar*, No. 1:25-cv-03943-CNS, 2025 WL 3640366 (D. Colo. Dec. 16, 2025); *Valera v. Baltazar*, No. 1:25-CV-03744-CNS, 2025 WL 3496174 (D. Colo. Dec. 5, 2025); *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

Petitioner who have been present in the United States for over two years and have no qualifying criminal convictions. *See, e.g.*, *Hernandez*, 2025 WL 2996643, at *4 ("[T]he plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like [Petitioner], who has been residing the United States for more than two years.") (quotations and citations omitted). However, unlike in *Hernandez*, the Court is not persuaded that ordering a § 1226 bond hearing is the appropriate remedy given the particular facts of Petitioner's case.

Construing his application liberally, Petitioner argues that because he has been living in the United States for over two years after being previously paroled into the United States by the Department of Homeland Security (DHS), and because no changed circumstances justify his detention, he should be immediately released from immigration detention. *See, e.g.*, ECF No. 1-2 at 1–4; *see also* ECF No. 1-3 at 3–8 (DHS paperwork indicating that Petitioner was paroled into the U.S. on June 22, 2022). Petitioner also represents that in the years following his release, he complied with all requirements of his parole, communicated with immigration authorities, and was never convicted of any criminal offense. *See* ECF No. 1-1 ¶¶ 5, 6–10, 14, 15, 66, 73.

Although Respondent does not dispute these contentions, the response brief argues that immediate release is inappropriate because an IJ, rather than the district court, is better positioned to determine whether Petitioner is a flight risk or danger to the community. *See* ECF No. 13 at 4. But Respondent's argument ignores the fact that immigration officials already made that determination when Petitioner was released on

6

humanitarian parole in June 2022, *See* ECF No. 1-3 at 3–8; ECF No. 15, and Respondent does not argue that either determination is no longer valid.

In a similar case, the Court previously held that by releasing a noncitizen from immigration detention on his own recognizance, "immigration officials have already determined that [he] is neither a flight risk nor a danger to the community," and without demonstrating any relevant changed circumstances, the noncitizen's continued detention is unjustified. *Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1251 (D. Colo. 2026). That Petitioner here was released on humanitarian parole pursuant to § 1182(d)(5), rather than on his own recognizance, does not change the Court's conclusion. *See Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *3 (W.D. Tex. Mar. 4, 2026) (comparing 8 C.F.R. § 241.4(e)(5)–(6) and 8 C.F.R. § 212.5(b) and determining that "[r]elease from initial detention—whether under Section 1226(a) or 1182(d)(5)(A)—can be granted only based on individualized findings that the noncitizen represents neither a flight risk nor a danger to the community") (citing *Valencia Reyes v. Noem*, 5:25-CV-1921-XR, at *5 (W.D. Tex. Feb. 25, 2026)) (cleaned up). The INA provides that "[a] noncitizen can be paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) for 'urgent humanitarian reasons' . . . provided the [noncitizen] present[s] neither a security risk nor risk of absconding.'" *Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN-PK, 2026 WL 622751, at *10 (D. Utah Mar. 5, 2026) (citing *Martinez v. Chestnut*, No. 1:25-cv-1826 TLN CKD P, 2026 WL 121221, at *3 (E.D. Cal. January 16, 2026)) (citation modified); *see also Castro v. Hermosillo*, No. C26-662-SKV, 2026 WL 817388, at *5 (W.D. Wash. Mar. 25, 2026) ("Before a noncitizen may be released from immigration custody, on [] humanitarian parole . . . [a] determination

must be made that the noncitizen presents neither a danger to the community nor a flight risk.") (citing 8 C.F.R. § 212.5(b); 8 C.F.R. § 1236.1(c)(8)).

Release under § 1182(d)(5) therefore "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Uzcategui*, 2026 WL 622751, at \*10 (citing *Perry v. Sindermann,* 408 U.S. 593, 601–03 (1972)). Because Respondent does not argue that Petitioner, who was deemed neither a flight risk or a danger to the community in 2022, is such now, consideration of Petitioner's due process rights demands his release. *See id.* at \*11 ("Ms. Vielma's prior release on parole created a reasonable expectation that she would be entitled to retain her liberty as long as she was not a flight risk, presented herself at any hearings she was given notice of, and did not pose a danger to the community. Federal Respondents cannot identify any change in Ms. Vielma's behavior that justifies revocation of her conditional release. Ms. Vielma must be released.").

Accordingly, consistent with the foregoing, the Court grants Petitioner's request for immediate release. *See, e.g., id.*; *Singh*, 819 F. Supp. 3d at 1251 (ordering noncitizen's immediate release from immigration detention); *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at \*3 (D. Colo. Dec. 5, 2025) (ordering noncitizen's immediate release, rather than a bond hearing, where immigration officials had already determined that the noncitizen is neither a flight risk nor a danger to the community). Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address any remaining arguments at this time. *See Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650, at \*8 (D. Colo. Oct. 22, 2025) (declining to rule on petitioner's

remaining claims after granting petitioner all relief sought under § 1226(a)); *Guerrero Orellana v. Moniz,* 802 F. Supp. 3d 297, 304–05 (D. Mass. 2025) (declining to address petitioner's due process and APA arguments after finding in petitioner's favor on statutory claim).

## V.   CONCLUSION

Consistent with the foregoing analysis and pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), ECF No. 1, is GRANTED;

2. Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, is DENIED AS MOOT;

3. Respondent SHALL RELEASE Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or supervision not previously imposed by immigration officials in connection with Petitioner's 2022 release on parole, including the conditions of his enrollment in the ATD program;

4. Respondent SHALL file a status report within TWO DAYS of this order to certify compliance; and

5. Respondent is further ENJOINED AND RESTRAINED from re-detaining Petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or

danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 11th day of June 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge